Dear Mr. Antonio:
This opinion is in response to a request of your predecessor, Mr. Thomas M. Keyes, asking:
 1. Is it permissible under Missouri law for the City of Aurora to provide office space free of rent to the Chamber of Commerce?
 2. Is it permissible under Missouri law for the City of Aurora to rent office space to a state license fee agent for $25 per month which is less than a reasonable rent for such space?
 3. Is it permissible under Missouri law for the City of Aurora to donate without restriction $2,500 to a day care center, $2,500 to a senior citizen group, and $500 to the Barry-Lawrence County Mental Health Association?
The facts involved in this request include that the City of Aurora provides office space at no charge to the Chamber of Commerce and provides office space to a state license fee agent for a rental fee of $25 per month. Furthermore, the city has donated money to a day care center, a senior citizen group, and a mental health association, all of which are not-for-profit corporations. Federal revenue sharing money was used to make each donation. We note that Aurora is a city of the third class.
Appropriate to your request is Art. VI, § 25, Mo. Constitution (as amended 1976), which provides:
 No county, city or other political corporation or subdivision of the state shall be authorized to lend its credit or grant public money or property to any private individual, association or corporation except as provided in Article VI, Section 23 (a) and except that the general assembly may authorize any county, city or other political corporation or subdivision to provide for the retirement or pensioning of its officers and employees and the widows and children of deceased officers and employees and may also authorize payments from any public funds into a fund or funds for paying benefits upon retirement, disability or death to persons employed and paid out of any public fund for educational services and to their beneficiaries or estates; and except, also, that any county of the first class is authorized to provide for the creation and establishment of death benefits, pension and retirement plans for all its salaried employees, and the widows and minor children of such deceased employees.
Also appropriate is Art. VI, § 23, Mo. Constitution (as amended 1976), which provides:
 No county, city or other political corporation or subdivision of the state shall own or subscribe for stock in any corporation or association, or lend its credit or grant public money or thing of value to or in aid of any corporation, association or individual, except as provided in this Constitution.
In responding to your first two questions, we will first discuss some general principles of law and then relate those principles to the factual situations you raise.
Clearly a municipality is a creature of the legislature possessing only those powers expressly granted or those necessarily or fairly implied in or incident to express grants or those essential to the declared objects of the municipality.Anderson v. City of Olivette, 518 S.W.2d 34 (Mo. 1975); Kennedyv. City of Nevada, 281 S.W. 56 (K.C. 1926).
Section 77.010, RSMo 1978, in pertinent part provides that:
 [A]ny city of the third class . . . may receive and hold property, both real and personal, within such city, and may purchase, receive and hold real estate within or without such city for the burial of the dead; and may purchase, hold, lease, sell or otherwise dispose of any property, real or personal, it now owns or may may hereafter acquire; . . . .
Section 77.140, RSMo 1978, provides in pertinent part:
 The council may also provide for the erection, purchase or renting of a city hall, . . . and all other necessary buildings for the city; and may sell, lease, abolish or otherwise dispose of the same, and may enclose, improve, regulate, purchase or sell all public parks or other public grounds belonging to the city, and may purchase and hold grounds for public parks within the city, or within three miles thereof.
With some exceptions, not relevant here, a city cannot construct a building solely for the purpose of renting it to third parties. However, it seems clear that generally a building constructed for city purposes may be used for other purposes when not needed for city purposes if such use will not interfere with the city use.
For instance, a city can purchase property for municipal purposes and hold it after it is no longer necessary for such purpose. Kennedy v. City of Nevada, supra.
If a city owns property which cannot be used for a city purpose for a time, it may rent it for a private use during that period. Harris v. City of St. Louis, 111 S.W.2d 995 (St. L. 1938); Heger v. City of St. Louis, 20 S.W.2d 665 (Mo. 1929).
It is important that the city be in a situation where the property to be rented was originally developed for a city use or is being held for a later city use. If the city develops property solely for rental purposes but shrouds that purpose in the rhetoric of city use, the court will disallow such attempt. State ex rel. City of Jefferson v. Smith, 154 S.W.2d 101
(Mo. banc 1941).
However, as is stated in the recognized treatise on municipal corporations, McQuillin:
 If it [city] has more room is such a building than is needed for municipal purposes, it may rent out a portion of it, though a municipal corporation cannot erect buildings as an investment. And where a town erects a new municipal building, thus leaving useless an old one, it may repair the old one for the purpose of renting it. While this would be illegal if the primary purpose were to invest money in a building to rent, the town, having no longer any use for the building, need not sacrifice it but may do what one might prudently do with such a building. . . . 10 McQuillin 34, Municipal Corporations,
§ 28.13.
By analogy the case of State ex rel. Mitchell v. City ofSikeston, 555 S.W.2d 281 (Mo. banc 1977), is instructive. There the Missouri Supreme Court allowed the City of Sikeston to build a power plant much in excess of the city's present needs with the understanding that surplus power would be sold until the excess capacity was needed by the city.
From the foregoing and in the absence of relevant deed restrictions, we believe the following rule can be stated: When a municipality in Missouri is in possession of excess property which was acquired for city use in good faith, it may rent that property during the time that it is not needed for city purposes so long as there is no interference with public use of city property thereby. We believe the Missouri courts would impose a requirement that the rental be reasonable and not gratuitous.
We assume that the space in question in the Aurora City Hall is not needed for city purposes, that the use noted does not interfere with city uses and that there are no deed restrictions which must be considered. In any event, those are specific factual questions which we should not attempt to resolve.
Your first question asks whether it is proper for the City of Aurora to provide space free to the Chamber of Commerce. Based on the foregoing, we hold that it is not. Assuming as we have, that the space is properly available, it may be rented at a reasonable rate to the Chamber of Commerce, but it may not be provided gratuitously.
Similarly, we believe space may be provided to a license fee agent if reasonable rental is paid.
In connection with your third question relating to a donation of federal revenue sharing money to a day care center, a senior citizen group, and a mental health association, it is first recognized that these groups are not-for-profit corporations and are private in nature although a number of their services may involve some public needs. Further, Op. Atty. Gen. No. 69, Marshall, Feb. 11, 1974 (Mo.), copy enclosed, concluded that the City of Ashland could not appropriate money to the Ashland day care center.
We note that a recent opinion of this office, Op. Atty. Gen. No. 98, Mueller, May 25, 1977 (Mo.), held that a city of the fourth class has authority to provide for the relief of its poor inhabitants. Under the facts presented to this office in connection with your request, we have no reason to believe that this particular opinion would be applicable inasmuch as we do not find facts to show that we are talking about the relief of poor inhabitants. Thus, we believe that Op. Atty. Gen. No. 69, 1974, answers your third question, and that it is not permissible for the City of Aurora to donate money to the day care center, senior citizen group, or mental health association.
CONCLUSION
It is the opinion of this office that a third class city does not have authority to provide free space to a chamber of commerce or a state license fee agent. A third class city does not have authority to rent an office to a state license fee agent at less than a reasonable rent. Further, such a city does not have authority to donate money to private not-for-profit corporations.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, Preston Dean.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure Op. Atty. Gen. No. 69, Marshall, Feb. 11, 1974 (Mo.)